UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Biomedical Device Consultants &
Laboratories of Colorado, LLC,

     Plaintiff,

vs.

TA Instruments - Waters LLC,

     Defendant.

Civil File No.
17-cv-03403 DWF/SER

---

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)**

# <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ................................................................................. 1

II.  STANDARD FOR REVIEW ................................................................ 3

    A.  The *Twombly-Iqbal* Pleading Standard for Review of A
    Motion To Dismiss ..................................................................... 3

    B.  The *Twombly-Iqbal* Standard Requires the Complaint to
    Set Forth Sufficient Facts To Plausibly Allege That The
    Accused Product Embodies Every Limitation of At Least
    One Patent Claim ........................................................................ 4

III.  THE COMPLAINT'S BARE LEGAL CONCLUSIONS AS TO
PATENT INFRINGEMENT DO NOT SATISFY THE
*TWOMBLY-IQBAL* STANDARD. ......................................................... 6

    A.  First and Second Counts:  The Complaint's Bare Legal
    Conclusions as to the Elements of Independent Claims of
    the '538 Patent Do Not Satisfy The *Twombly-Iqbal*
    standard. ..................................................................................... 6

        1.  First Count:  Allegations as to Direct
        Infringement of the '538 Patent ............................. 6

        2.  Second Count:  Allegations as to Indirect
        Infringement of the '538 Patent ............................. 8

    B.  Third Count:  The Complaint's Bare Legal Conclusions as
    to the Elements of Independent Claims of the '708 Patent
    Do Not Satisfy The *Twombly-Iqbal* standard .............................. 9

    C.  Fourth and Fifth Counts:  The Complaint's Bare Legal
    Conclusions as to the Elements of the Independent Claim
    of the '224 Patent Do Not Satisfy The *Twombly-Iqbal*
    standard. ..................................................................................... 10

        1.  Fourth Count:  Allegations as to Direct
        Infringement of the '224 Patent ........................... 10

        2.  Fifth Count:  Allegations as to Indirect
        Infringement of the '224 Patent ........................... 12

    D.  Sixth Count:  The Complaint's Bare Legal Conclusions as
    to the Elements of the Independent Claim of the '935
    Patent Do Not Satisfy The *Twombly-Iqbal* standard ................. 13

i

IV.   THE COMPLAINT DOES NOT ADEQUATELY IDENTIFY
      WHAT IS ACCUSED OF INFRINGEMENT ..................................................... 14

V.    CONCLUSION ................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................. *passim*

*Atlas IP LLC v. Pac. Gas and Elec. Co.,*
  No. 15-05469, 2016 WL 1719545 (N.D. Cal. March 9, 2016) ..................................... 5

*Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.,*
  2012 WL 5439038 (D. Minn. Nov. 4, 2012) ................................................. 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................. *passim*

*Continental Circuits LLC v. Intel Corp.,*
  No. 16-2026, 2017 WL 679116 (D. Ariz. Feb. 21, 2017) ........................................ 5

*e.Digital Corp. v. iBaby Labs, Inc.,*
  No, 15-5790, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ....................................... 5

*E.I. Du Pont de Nemours & Co. v. MacDermid Printing Sol'ns., LLC,*
  No. 06-3383, 2014 WL 4657300 (D.N.J. Sept. 17, 2014), *aff'd*, 657 F. App'x
  1004 (Fed. Cir. 2016) ............................................................................. 4

*Jen-Lung Tai v. Minka Lighting Inc.,*
  No. 16-02810, 2017 WL 568519 (D. Ariz. Feb. 13, 2017) ..................................... 5, 15

*K–Tech Telecomm., Inc. v. Time Warner Cable, Inc.,*
  714 F.3d 1277 (Fed. Cir. 2013) ................................................................. 4

*Laitram Corp. v. Rexnord, Inc.,*
  939 F.2d 1533 (Fed. Cir. 1991) ................................................................. 4

*LTJ Enters, Inc. v. Custom Mktg Co., LLC,*
  168 F. Supp. 3d 1202 (D. Minn. 2016) ......................................................... 4

*Lyda v. CBS Corp.,*
  838 F.3d 1331 (Fed. Cir. 2016) ................................................................. 5

*Oil-Dri Corp. of America v. Nestle Purina Petcare Co.,*
  No. 15-1067, 2017 WL 1197096 (N.D.Ill. Mar. 31, 2017) ....................................... 5

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
   No. 15-152, 2016 WL 927143 (D. Del. Mar. 4, 2016) ................................................ 5

*Robern, Inc. v. Glasscrafters, Inc.*,
   206 F. Supp. 3d 1005 (D.N.J. 2016) ........................................................................ 4

*Scripps Res. Inst. v. Illumina, Inc.*,
   No. 16-661, 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ........................................ 6

**RULES**

Fed. R. Civ. P. 84 ................................................................................................................ 4

## I.    INTRODUCTION

Defendant TA Instruments – Waters LLC ("TA Instruments") hereby moves, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss the patent infringement claims asserted by Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC ("BDC").   On July 27, 2017, BDC filed the instant Complaint in the District of Minnesota.   On August 23, 2017, based on a joint stipulation, the Court extended the deadline for TA Instruments to answer or otherwise respond until September 23, 2017. On September 20, 2017, based on another joint stipulation, the Court extended the deadline for TA Instruments to answer or otherwise respond until October 10, 2017. Accordingly, this motion is timely.

The Complaint fails to state any ground upon which relief may be granted.   The Complaint's allegations as to United States Patent Nos. 8,584,538 (the "'538 Patent"), 8,627,708 (the "'708 Patent"), 9,186,224 (the "'224 Patent"), and 9,237,935 (the "'935 Patent") form the sole basis for this action.   The Complaint alleges that TA Instruments directly infringes the '538 Patent, the '708 Patent, the '224 Patent, and the '935 Patent based on actions related to "infringing products."   *See* Compl., ¶ 20 (First Cause of Action), ¶ 33 (Third Cause of Action), ¶ 40 (Fourth Cause of Action), ¶ 52 (Sixth Cause of Action).   The Complaint also alleges that TA Instruments indirectly infringes the '538 Patent and the '224 Patent based on actions related to "end-users of its products."   *See* Compl., ¶ 26 (Second Cause of Action), ¶ 45 (Fifth Cause of Action).   The Complaint

should be dismissed for failing to satisfy the pleading standard as to any alleged infringement.

The Complaint fails to plead patent infringement with the requisite specificity. The allegations in the Complaint as to elements of any asserted independent patent claim mostly parrot portions of the claim—without any particularity to TA Instruments.  Also, whereas the Complaint purports to cite evidence, BDC failed to provide the alleged evidence as to elements of any asserted independent patent claims.  The Complaint fails to present factual allegations from which one might plausibly infer that TA Instruments somehow satisfies all the elements of any asserted independent patent claim.  Without particularity as to a specific thing or cited evidence, the allegations in the Complaint as to elements of the asserted independent patent claims amount to a plurality of conclusory legal statements.  Because conclusory legal statements as to the claim elements cannot satisfy the pleading standard, the instant Complaint should be dismissed for failure to state a claim.

Additionally, the Complaint broadly alleges infringement of four patents by TA Instruments, "infringing products," and "its products."  The Complaint does not otherwise limit the scope of its infringement allegations.  While the Complaint refers to "the DuraPulse" in all of its examples, there is no suggestion that "the DuraPulse" is even representative.  Evidence of record illustrates that "the DuraPulse" may refer to a physical instrument or application software.  Reference to "the DuraPulse" does not convert a legal conclusion as to a claim element to a factual allegation. The Complaint fails to present sufficient factual allegations from which a plausible inference may be

drawn that TA Instruments, "infringing products," and "its products" infringe any of the four asserted patents.

The following are representative examples of BDC's pleading deficiencies, which are by no means comprehensive of the scope of the problem.

## II.     STANDARD FOR REVIEW

### A.     The *Twombly-Iqbal* Pleading Standard for Review of A Motion To Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. To meet this standard, the plaintiff must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks omitted).

The Supreme Court has held that the *Twombly-Iqbal* pleading standard applies in all civil cases.  *See id.* at 684 (pleading standard applies in "all civil actions").

**B.    The *Twombly-Iqbal* Standard Requires the Complaint to Set Forth Sufficient Facts To Plausibly Allege That The Accused Product Embodies Every Limitation of At Least One Patent Claim.**

Prior to the abrogation of Rule 84, the Federal Circuit held that bare-bones allegations of direct patent infringement consistent with Form 18 were sufficient to meet the pleading standard.  *See, e.g.*, *K–Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013).  But since the abrogation of Rule 84 and Form 18 in December 2015, the general pleading standards of *Iqbal/Twombly* are all that remain for judgment of patent infringement pleadings.  *See Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1009-10 (D.N.J. 2016).

"[T]he failure to meet a single limitation is sufficient to negate infringement of [a] claim."  *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991); *see also Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 2012 WL 5439038, *3-7 (D. Minn. Nov. 4, 2012) (granting summary judgment of noninfringement as to one asserted patent claim because patentee failed to make a showing sufficient to establish the accused product satisfied an element of the claim); *E.I. Du Pont de Nemours & Co. v. MacDermid Printing Sol'ns., LLC*, No. 06-3383, 2014 WL 4657300, at *25  (D.N.J. Sept. 17, 2014) (holding that the accused products do not infringe one asserted patent because they do not contain every limitation of the asserted patent claim), *aff'd*, 657 F. App'x 1004 (Fed. Cir. 2016); *LTJ Enters, Inc. v. Custom Mktg Co., LLC*, 168 F. Supp. 3d 1202, 1209-14 (D. Minn. 2016) (granting summary judgment of non-infringement because patentee did not

4

present any evidence or testimony that the accused product satisfied an element of the asserted patent claims).

Thus, "Courts applying the *Twombly-Iqbal* standard to patent infringement claims have required plaintiffs to set forth sufficient facts to plausibly allege that the accused product embodies every limitation in a particular asserted claim." *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-1067, 2017 WL 1197096, at *3 (N.D. Ill. Mar. 31, 2017); *see also Continental Circuits LLC v. Intel Corp.*, No. 16-2026, 2017 WL 679116, at *5 (D. Ariz. Feb. 21, 2017) (The *Iqbal* and *Twombly* "pleading standard requires Plaintiff to address every limitation of at least one claim of the each of the [asserted] patents."); *Jen-Lung Tai v. Minka Lighting Inc.*, No. 16-02810, 2017 WL 568519, at *2 (D. Ariz. Feb. 13, 2017); *Scripps Res. Inst. v. Illumina, Inc.*, No. 16-661, 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) ("[T]he Court joins several other courts in holding that in order to properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim."); *Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016) (holding the *Twombly-Iqbal* standard was not met because "[t]here are … no allegations in the Amended Complaint that can form the basis of a reasonable inference that *each claim step* was performed by or should be attributed to Defendants.") (emphasis added); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-5790, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016); *Atlas IP LLC v. Pac. Gas and Elec. Co.*, No. 15-05469, 2016 WL 1719545, at *4-5 (N.D. Cal. March 9, 2016); *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016).

III.   **THE COMPLAINT'S BARE LEGAL CONCLUSIONS AS TO PATENT INFRINGEMENT DO NOT SATISFY THE *Twombly-Iqbal* STANDARD.**

The Complaint demonstrates that BDC made no effort to present factual allegations from which one might conclude that an accused product infringes any asserted patent claim.   The Complaint largely consists of legal conclusions masquerading as factual allegations.

   A.   **First and Second Counts:  The Complaint's Bare Legal Conclusions as to the Elements of Independent Claims of the '538 Patent Do Not Satisfy The *Twombly-Iqbal* standard.**

      1.   **First Count:  Allegations as to Direct Infringement of the '538 Patent**

The Complaint alleges that TA Instruments "directly infringe[s] at least one claim of the '538 Patent … by making, using …, offering for sale, selling and/or importing … infringing products …."   Compl., ¶ 20.   The Complaint cites no support for that statement.   The Complaint purports to present two examples of alleged infringement by "the DuraPulse."   Compl., ¶¶ 21-23.   But neither example establishes more than a mere possibility of infringement.

For its first example of direct infringement of the '538 patent, the Complaint alleges that "the DuraPulse meets every limitation of at least independent claims 1 and 6 …."   Compl., ¶ 21.   The next paragraph includes more specific allegations as to independent claims 1 and 6.   *See* Compl., ¶ 22.   But none of the allegations in the example are particular to the exemplary accused product.   For example, claim 1 of the '538 patent requires "a signal generator that outputs a non-regular waveform over a cycle for controlling a rate of change of a differential pressure load across the one or more

6

valved prosthetic devices during the cycle."  (ECF 1-1, p. 21.)  And the Complaint alleges that "[i]t generates a non-regular waveform used to test a prosthetic heart valve." Compl., ¶ 22.  The Complaint literally provides no information about how BDC contends "the DuraPulse" may include the required "signal generator that outputs a non-regular waveform."  In other words, even the most specific infringement allegations in the first example are simple restatements of portions of independent claims 1 or 6.  Thus, while the Complaint's allegations as to the DuraPulse masquerade as factual allegations, they are simple legal conclusions that do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678-79.

Moreover, in support of all of its statements regarding elements of claims 1 and 6, the Complaint cites only "Exhibit F."  *See* Compl., ¶ 22.  But BDC failed to file any "Exhibit F."  And without evidence that purports to support them, statements as to elements of claims 1 and 6 amount to threadbare recitals of elements of the cause of action.  Such recitals do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

For its second example of direct infringement of the '538 patent, the Complaint alleges that "use of the DuraPulse performs every step of at least independent claim 10 …."  Compl., ¶ 21.  Paragraph 23 includes more specific allegations as to elements of independent claim 10.  *See* Compl., ¶ 23.  But again, none of the allegations in the example are particular to the exemplary accused product.  For example, claim 10 of the '538 patent requires "generating an asymmetric waveform over a test cycle."  And the Complaint alleges that "the DuraPulse generates an asymmetric waveform."  Compl., ¶

7

23.   The Complaint literally provides no information about how BDC contends "the DuraPulse" may "generat[e] an asymmetric waveform over a test cycle."  In other words, even the most specific infringement allegations in the second example are simple restatements of portions of independent claim 10.  Thus, while the Complaint's allegation as to the DuraPulse masquerade as factual allegations, they are simple legal conclusions that do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678.

Moreover, in support of all of its statements regarding elements of claim 10, the Complaint cites a filed exhibit only as to a single element.  For most elements, the Complaint cites only "Exhibit F."  *See* Compl., ¶ 23.  But again, BDC failed to file any "Exhibit F."  And without evidence that purports to support them, statements as to elements of claim 10 amount to threadbare recitals of elements of the cause of action.  Such recitals do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

### 2.   Second Count:  Allegations as to Indirect Infringement of the '538 Patent

The Complaint alleges that TA Instruments "actively induced and contributed to, and continues to actively induce and contribute to, infringement of at least one claim of the '538 Patent by the end-users of its products …."  Compl., ¶ 26.  The Complaint cites no support for that statement.  Although the Complaint purports to present one example of TA Instruments' alleged "active[] induce[ment] and contribut[ion] to users of the DuraPulse performing every step of at least one claim of the '538 patent" (*see* Compl., ¶ 27), the example establishes no more than a mere possibility of infringement.

8

In paragraph 28, the Complaint includes more specific allegations as to elements of independent claim 10.  *See* Compl., ¶ 28.  The allegations in paragraph 28 as to elements of independent claim 10 are identical to those presented in paragraph 23 as to elements of independent claim 10.  Compare Compl., ¶ 28 with ¶ 23.  And for the reasons explained above as to the alleged direct infringement of claim 10 of the '538 patent, the unsupported statements in paragraph 28 amount to threadbare recitals of elements of the cause of action and do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

**B. Third Count:  The Complaint's Bare Legal Conclusions as to the Elements of Independent Claims of the '708 Patent Do Not Satisfy The *Twombly-Iqbal* standard.**

The Complaint alleges that TA Instruments "directly infringe[s] at least one claim of the '708 Patent … by making, using …, offering for sale, selling and/or importing … infringing products …."  Compl., ¶ 33.  The Complaint cites no support for that statement.  Although the Complaint purports to present one example of alleged infringement by "the DuraPulse" (*see* Compl., ¶¶ 34-35), the example establishes no more than a mere possibility of infringement.

As the example of direct infringement of the '708 patent, the Complaint alleges that "the DuraPulse meets every limitation of at least independent claim 17 …."  Compl., ¶ 34.  Paragraph 35 includes more specific allegations as to elements of claim 17.  *See* Compl., ¶ 35.  But none of the allegations in the example are particular to the exemplary accused product.  For example, claim 17 of the '708 patent requires "a fluid return chamber having a second manifold disposed opposite and spaced apart from the first

9

manifold of the fluid distribution chamber and defining a second port configured to receive and fluidicly couple with a second end of the sample holder."  (ECF No. 1-2, p. 19)  And the Complaint alleges that "[a] fluid return chamber has a manifold that is disposed opposite the first manifold."  Compl., ¶ 35.  The Complaint literally provides no information about how BDC contends "the DuraPulse" may include the required "fluid return chamber having a second manifold disposed opposite … from the first manifold of the fluid distribution chamber …."  In other words, even the most specific infringement allegations in the example are simple restatements of portions of independent claim 17.  Thus, while the Complaint's allegation as to the DuraPulse masquerade as factual allegations, they are simple legal conclusions that do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678-79.

In support of all of its statements as to elements of claim 17, the Complaint cites only "Exhibit F" or a URL.  *See* Compl., ¶ 35.  But BDC failed to file both "Exhibit F" and any content associated with the URL.  And without record evidence that purports to support them, the statements as to elements of claim 17 amount to threadbare recitals of elements of the cause of action and do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

    C.    **Fourth and Fifth Counts:  The Complaint's Bare Legal Conclusions as to the Elements of the Independent Claim of the '224 Patent Do Not Satisfy The *Twombly-Iqbal* standard.**

        1.    **Fourth Count:  Allegations as to Direct Infringement of the '224 Patent**

The Complaint alleges that TA Instruments "directly infringe[s] at least one claim of the '224 Patent … by using … infringing products …."  Compl., ¶ 40.  The Complaint cites no support for that statement.  Although the Complaint purports to present one example of alleged infringement by "the DuraPulse" (*see* Compl., ¶¶ 41-42), the example establishes no more than a mere possibility of infringement.

As the example of direct infringement of the '224 patent, the Complaint alleges that, "by using the DuraPulse, [TA Instruments] practices every step of at least independent claim 1 …."  Compl., ¶ 41.  Paragraph 42 includes allegations as to elements of claim 1.  *See* Compl., ¶ 42.  But most of the allegations in the example are not particular to "the DuraPulse."  For example, claim 1 of the '224 patent requires "releasing the stored volume of test system fluid during a return stroke that closes the valved prosthetic device."  (ECF No. 1-3, p. 21) And the Complaint alleges that "[i]t then releases the stored volume of the test system fluid during a return stroke that closes the valved prosthetic device."  Compl., ¶ 42.  Other than alleged cycle rates, paragraph 42 provides no information specific to "the DuraPulse."  In other words, the allegations in the infringement example are simple restatements of portions of independent claim 1.  Thus, while most of the Complaint's allegation as to "the DuraPulse" masquerade as factual allegations, they are simple legal conclusions that do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 550 U.S. at 678-79.

In support of all of its statements regarding elements of claim 1, the Complaint cites only "Exhibit F" and a URL.  *See* Compl., ¶ 42.  But BDC failed to file both "Exhibit F" and any content associated with the URL.  And without record evidence that

11

purports to support them, the statements as to elements of claim 1 amount to threadbare recitals of elements of the cause of action and do not satisfy the *Twombly-Iqbal* standard. *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

### 2.    Fifth Count:  Allegations as to Indirect Infringement of the '224 Patent

The Complaint alleges that TA Instruments "actively induced and contributed to, and continues to actively induce and contribute to, infringement of at least one claim of the '224 Patent by the end-users of its products …."  Compl., ¶ 45.  The Complaint cites no support for that statement.  Although the Complaint purports to present one example of TA Instruments' alleged "active[] induce[ment] and contribut[ion] to users of the DuraPulse performing every step of at least one claim of the '224 patent" (*see* Compl., ¶ 46), the example establishes no more than a mere possibility of infringement.

In paragraph 47, the Complaint includes allegations as to elements of independent claims 1.  *See* Compl., ¶ 47.  The allegations in paragraph 47 as to elements of independent claim 1 are substantially similar or identical to those presented in paragraph 42.  *Compare* Compl., ¶ 47 *with* ¶ 42.  And for the reasons explained above as to the alleged direct infringement of claim 1, the unsupported statements in paragraph 47 amount to threadbare recitals of elements of the cause of action and do not satisfy the *Twombly-Iqbal* standard.  *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

The Complaint cites a filed exhibit only as to the preamble of claim 1.  In support of most of the statements as to elements of claim 1, the Complaint cites only TA Instruments' "marketing and other materials," "Exhibit F," or a URL.  *See* Compl., ¶ 47.

BDC failed to file both "Exhibit F" and any content associated with the URL.  Thus, statements relying on "marketing and other materials," the "Exhibit F," and/or a URL are effectively unsupported legal conclusions.  Again, without record evidence that purports to support them, the unsupported statements in paragraph 47 amount to threadbare recitals of elements of the cause of action and do not satisfy the *Twombly-Iqbal* standard. *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

> **D.    Sixth Count:   The Complaint's Bare Legal Conclusions as to the Elements of the Independent Claim of the '935 Patent Do Not Satisfy The *Twombly-Iqbal* standard.**

The Complaint alleges that TA Instruments "directly infringe[s] at least one claim of the '935 Patent … by making, using …, offering for sale, selling and/or importing … infringing products …."   Compl., ¶ 52.   The Complaint cites no support for that statement.   Although the Complaint purports to present one example of alleged infringement by "the DuraPulse" (*see* Compl., ¶¶ 53-54), the example establishes no more than a mere possibility of infringement.

As the example of direct infringement of the '935 patent, the Complaint alleges that "the DuraPulse meets every limitation of at least independent claim 1 …."  Compl., ¶ 53.  Paragraph 54 includes allegations as to elements of claim 1.  *See* Compl., ¶ 54.  But most of the allegations in the example are not particular to "the DuraPulse."   For example, claim 1 of the '935 patent requires an "excess volume area [which] is in fluid communication with the fluid return chamber providing a volume for storing a volume of a test system fluid when the test system fluid is under compression."   (ECF No. 1-4, p. 21)  And the Complaint alleges that "[i]t has an excess volume area, which is in fluid

communication with the fluid return chamber and which can store fluid when under compression." Compl., ¶ 54. Other than alleged cycle rates, paragraph 54 provides no information specific to "the DuraPulse." In other words, the allegations in the infringement example are mostly restatements of portions of independent claim 1. Thus, while most of the Complaint's allegation as to "the DuraPulse" masquerade as factual allegations, they are simple legal conclusions that do not satisfy the *Twombly-Iqbal* standard. *See Iqbal,* 556 U.S. at 678-79.

In support of all of its statements as to elements of claim 1, the Complaint cites only "Exhibit F" or a URL. *See* Compl., ¶ 54. But BDC failed to file both "Exhibit F" and any content associated with the URL. And without record evidence that purports to support them, the statements as to elements of claim 1 amount to threadbare recitals of elements of the cause of action and do not satisfy the *Twombly-Iqbal* standard. *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

## IV.   THE COMPLAINT DOES NOT ADEQUATELY IDENTIFY WHAT IS ACCUSED OF INFRINGEMENT.

The Complaint includes four counts of direct infringement. The Complaint alleges that TA Instruments directly infringes the '538 Patent, the '708 Patent, the '224 Patent, and the '935 Patent based on actions related to "infringing products." *See* Compl., ¶ 20 (First Cause of Action), ¶ 33 (Third Cause of Action), ¶ 40 (Fourth Cause of Action), ¶ 52 (Sixth Cause of Action). Similarly, the Complaint alleges that TA Instruments indirectly infringes the '538 Patent and the '224 Patent based on actions related to "its products." *See* Compl., ¶ 22 (Second Cause of Action), ¶ 45 (Fifth Cause of Action).

14

Simply put, "infringing products" and "products" do not adequate identify the things that are accused of infringement.

In a section entitled "Defendant's Infringing Products," the Complaint includes allegations related to "the ElectroForce line of cardiovascular test products." *See* Compl., ¶¶ 12-16. But other than by implication of the section title, the Complaint does not even limit its allegations to the ELECTROFORCE line of products. And even if the allegations are limited to the ELECTROFORCE products, this is still inadequate to provide notice: TA Instruments and its predecessors-at-interest have been using the ELECTROFORCE trademark since at least 2000, well before the earliest possible priority date of any of the four asserted patents. Moreover, the Complaint cites Exhibit E with respect to "the ElectroForce line of cardiovascular test products." *See* Compl., ¶¶ 12-16. And Exhibit E illustrates that the ELECTROFORCE cardiovascular test instruments strikingly differ. *See* Exhibit E to Compl., pp. 7-8. This nonspecific reference to a line of products is insufficient to provide notice. *See, e.g., Jen-Lung Tai,* 2017 WL 568519, at *3 (holding that identification of accused product merely as "ceiling fans 'sold under the name Minka Aire Fans'" did not "offer sufficient specificity to put the defendant on notice of which products are at issue").

For each count of alleged direct infringement, the Complaint identifies "the DuraPulse" as the only example. *See* Compl., ¶¶ 21-23 (First Cause of Action), ¶¶ 34-35 (Third Cause of Action), ¶¶ 41-42 (Fourth Cause of Action), ¶¶ 53-54 (Sixth Cause of Action). Similarly, for each count of alleged indirect infringement, the Complaint identifies use or operation of "the DuraPulse" as the only example. *See* Compl., ¶¶ 27-28

(Second Cause of Action), ¶¶ 46-47 (Fifth Cause of Action).  The Complaint suggests that use or operation of "the DuraPulse" is the "method" required by independent claim 10 of the '538 patent (*see* Compl., ¶¶ 21, 23, 27-28) and by independent claim 1 of the '224 patent (*see* Compl., ¶¶ 41-42, 46-47).  Similarly, the Complaint suggests that "the DuraPulse" is the exemplary "system" required by independent claims 1 and 6 of the '538 patent (*see* Compl., ¶¶ 21-22); the exemplary "test chamber" required by independent claim 17 of the '708 patent (*see* Compl., ¶¶ 34-35); and the exemplary "device" required by independent claim 1 of the '935 patent (*see* Compl., ¶¶ 53-54).  And while relying on "the DuraPulse" as its only example, the Complaint indicates that the allegations are not limited to that example.  *See* Compl., ¶¶ 12-16.

The Complaint defines "the DuraPulse" as "the DuraPulse Heart Valve Test ('DuraPulse')."  Compl., ¶ 13.  But as Exhibit E illustrates, that name may apply, for example, to either an instrument or application software.  *Compare* Exhibit E to the Compl., p. 7 ("DuraPulse™ Heart Valve Test (HVT) Instrument") *with* p. 32 ("DuraPulse HVT Application Software").  And in the context of infringement allegations as to claims directed to subject matter as diverse as a "system," a "chamber," and a "method," (see '538 patent independent claims 1 and 10; '708 patent independent claim 17) – "the DuraPulse" could have different meanings.  Thus, references in the Complaint to "the DuraPulse" do not even identify a particular thing.  And without identifying a particular thing, the Complaint cannot even serve to put TA Instruments on notice.

The Complaint broadly alleges infringement of four patents by TA Instruments, "infringing products," and "its products."  But plausible infringement cannot be inferred

from legal conclusions as to claim elements. *See Iqbal,* 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation marks omitted). A legal conclusion as to a claim element is not converted to a factual allegation by adding a name that may apply to more than one thing. The insufficiency of the Complaint's allegations is highlighted by its citation of non-existent evidence in support of its legal conclusions as to claim elements. The Complaint fails to present sufficient factual allegations from which a plausible inference may be drawn that TA Instruments, "infringing products," and "its products" infringe any of the four asserted patents.

## V.      CONCLUSION

For the reasons detailed above, TA Instruments respectfully requests that the Court dismiss the Complaint because BDC failed to meet its burden to adequately plead facts from which a plausible inference may be drawn that TA Instruments, "infringing products," and "its products" infringe any asserted claim of the '538 Patent, the '708 Patent, the '224 Patent, and the '935 Patent.

Dated:  October 10, 2017              By:   s/Eric H. Chadwick
                                            Eric H. Chadwick, Esq. (#248769)
                                            Patterson Thuente Pedersen, P.A.
                                            4800 IDS Centre
                                            80 South 8th Street
                                            Minneapolis, MN  55402-2100
                                            Telephone:  (612) 349-5740
                                            Facsimile:  (612) 349-9266
                                            Email:  chadwick@ptslaw.com

-and-


Kia L. Freeman, Esq. (*pro hac vice*)
Deborah M. Vernon, Esq. (*pro hac vice*)
McCarter & English
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6500
Email: kfreeman@mccarter.com
       dvernon@mccarter.com

**ATTORNEYS FOR DEFENDANT
TA INSTRUMENTS-WATERS LLC**