UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Biomedical Device Consultants &
Laboratories of Colorado, LLC,

Civil File No. 17-cv-03403
DWF/SER

Plaintiff,

vs.

**[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

TA Instruments - Waters LLC,

Defendant.

This matter is before the Court upon Plaintiff Biomedical Device Consultants &
Laboratories of Colorado, LLC's ("BDC") Motion for Preliminary Injunction.  Based
upon the files and submissions of the parties, the Court finds that:

　　　　1.　　　BDC has established that it is likely to succeed in establishing that Defendant
TA Instruments – Waters LLC ("TA Instruments") – by making, using, offering for sale,
and selling the DuraPulse Heart Valve Test Instrument ("DuraPulse") – directly infringes
claims 1 and 9 of U.S. Patent No. 9,237,935 ("the '935 Patent") and claims 1 and 6 of U.S.
Patent No. 9,186,224 ("the '224 Patent").

　　　　　　　　a.　　The '935 Patent and '224 Patent are presumptively valid.  After reviewing
the evidence of record, I find no substantial question exists regarding the
validity of these patents.

　　　　　　　　b.　　After reviewing the evidence of record, I find it likely that BDC will
demonstrate at trial that each and every limitation of claims 1 and 9 of the
'935 Patent are present in the DuraPulse and each and every step of claims
1 and 6 of the '224 Patent are performed by the DuraPulse.  I further find
it likely that BDC will demonstrate at trial that TA Instruments makes,

1

uses, offers for sale, and sells the DuraPulse in the United States.

2.     BDC has established that it is likely to succeed in establishing that TA Instruments induces infringement of claims 1 and 6 of the '224 Patent.

    a.  After reviewing the evidence of record, I find it likely that BDC will demonstrate at trial that use of the DuraPulse for heart valve durability testing requires performance of every step  of claims 1 and 6 of the '224 Patent.

    b.  BDC has known that use of the DuraPulse for heart valve durability testing infringes claims 1 and 6 of the '224 Patent since the patent issued, yet has advertised to others that the DuraPulse can be used for heart valve durability testing, and that is its only advertised use.

3.     BDC is suffering substantial and irreparable harm as a result of TA Instruments' patent infringement and will continue to suffer such substantial and irreparable harm if the Court does not immediately enjoin BDC's patent infringement.  The evidence of record establishes the following:

    a.  BDC is losing market share as a result of TA Instruments' infringement. This lost market share in a limited, specialized market with incumbency effects cannot be adequately remedied with money damages.  *Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1336 (Fed. Cir. 2013). Moreover, the loss to BDC of the place of its commercial embodiment of the patents, VDT-3600i, as the industry standard cannot be adequately remedied with money damages.  *See Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996).

    b.  BDC is also losing research and development opportunities as a result of TA Instruments' infringement.  *Mylan Inst. LLC v. Aurobindo Pharma Ltd.*, 857 F.3d 858, 872 (Fed. Cir. 2017).  This is particularly important in an industry in which innovation is necessary of long-term success.

2

This harms cannot be adequately remedied with money damages.

c.   BDC is losing customer goodwill and suffering injury to its reputation as a result TA Instruments' infringement.  BDC's VDT-3600i had "market lure" as a unique product, and BDC also had a reputation for innovation as a result of selling a unique product.  This market lure and reputation will be injured by the presence of an infringing product in the marketplace. These intangible harms cannot be adequately remedied with money damages.  *See Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013).

d.   Prices for BDC's VDT-3600i are being eroded as a result of TA Instruments' infringement.  Price erosion is irreversible and, due to market characteristics here, cannot be adequately remedied with money damages.  *See Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975 (Fed. Cir. 1996)

4.   The balance of harms weighs in favor of injunctive relief.

5.   It is in the public interest to stop infringement of intellectual property rights.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

TA Instruments, its officers, agents, and employees, and all others acting in active concert or participation with them are hereby enjoined from making, using, offering for sale, or selling the DuraPulse, or any other heart valve durability testing system that infringes claims 1 or 9 the '935 Patent or claims 1 or 6 of the '224 Patent.  TA Instruments is further enjoined from instructing others to use the DuraPulse to perform heart valve durability testing, or any other accelerated cyclic testing of valved prosthetic devices.

This Order and the injunction will remain in effect during the pendency of this Action.  This injunction will terminate upon final judgment or upon dismissal by the parties due to settlement.

SECURITY

As security for this preliminary injunction, BDC will post a bond in the amount of $10,000.00.

IT IS SO ORDERED.

BY THE COURT

Dated: _____, 2017.

_____
The Honorable Donovan W. Frank
Senior United States District Court Judge

4832-6654-0116\1