# EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
 2
      -------------------------------------------------------------
 3                                    )
      Biomedical Device               )  File No. 17-CV-3403
 4    Consultants & Laboratories      )         (DWF/SER)
      of Colorado, LLC,               )
 5                                    )
               Plaintiff,             )  St. Paul, Minnesota
 6                                    )  December 1, 2017
      vs.                             )  10:55 a.m.
 7                                    )
      TA Instruments-Waters, LLC,     )
 8                                    )
               Defendant.             )
 9                                    )
      -------------------------------------------------------------
10

11

12

13             BEFORE THE HONORABLE DONOVAN W. FRANK
                 UNITED STATES DISTRICT COURT JUDGE
14

15
                         **(MOTIONS HEARING)**
16

17

18

19

20

21

22

23

24
          Proceedings recorded by mechanical stenography;
25    transcript produced by computer.
```

LORI A. SIMPSON, RMR-CRR
(651) 848-1225

```
 1     APPEARANCES

 2      For the Plaintiff:         Dorsey & Whitney, LLP
                                   FORREST TAHDOOAHNIPPAH, ESQ.
 3                                 Suite 1500
                                   50 South Sixth Street
 4                                 Minneapolis, Minnesota 55402

 5                                 Dorsey & Whitney, LLP
                                   GREGORY S. TAMKIN, ESQ.
 6                                 Suite 400
                                   1400 Wewatta Street
 7                                 Denver, Colorado 80202

 8      For the Defendant:         Fredrikson & Byron
                                   KATHERINE J. RAHLIN, ESQ.
 9                                 Suite 4000
                                   200 South Sixth Street
10                                 Minneapolis, Minnesota 55402

11                                 McCarter & English
                                   KIA L. FREEMAN, ESQ.
12                                 265 Franklin Street
                                   Boston, Massachusetts 02110
13
        Court Reporter:            LORI A. SIMPSON, RMR-CRR
14                                 Suite 146
                                   316 North Robert Street
15                                 St. Paul, Minnesota 55101

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

**IN OPEN COURT**

1
2
3     THE COURT: Before we begin and before I make a
4  couple of comments about the procedural status of the case,
5  why don't we have introductions of counsel first. We can
6  start on my right, counsel's left, and then move over.
7     MR. TAHDOOAHNIPPAH: Thank you, Your Honor. I'm
8  Forrest Tahdooahnippah from Dorsey & Whitney here on behalf
9  of Biomedical Device Consultants & Laboratories of Colorado,
10 and with me from our Denver office is Greg Tamkin.
11 Mr. Tamkin will be arguing the motion today.
12     THE COURT: Good morning.
13     MR. TAMKIN: Good morning, Your Honor.
14     MS. RAHLIN: Good morning, Your Honor. I am
15 Katherine Rahlin of Fredrikson & Byron representing
16 TA Instruments-Waters, and with me is Kia Freeman of
17 McCarter & English in Boston and Ms. Freeman will be arguing
18 the motion.
19     THE COURT: All right. I'll make a couple of
20 comments.
21     First of all, I will represent to you that myself
22 and one of my lawyer law clerks, Ms. Converse, we have had a
23 chance to read your submissions.
24     And then secondly, we can discuss at the end of
25 the arguments today the status and any scheduling issues

1     of those cases, first, the cases that are cited, they are
2     district court cases, I agree, but they are well-respected
3     district court cases.  I think everybody agrees that the
4     Windy City case is authority.  It's cited around the
5     country, Judge Rogers' opinion.
6              THE COURT:  Some of these are Rule 12 motions.
7     Some of them, the cases that you have each cited, are
8     summary judgment decisions too.
9              MR. TAMKIN:  I think for the most part we've tried
10    to cite Rule 12 decisions.
11             THE COURT:  Right, but that's -- it's not the
12    first Rule 12 motion where obviously a variety of cases on
13    similar issues are discussed because that becomes an issue
14    of, well, yes, these are maybe legitimate issues, but it
15    should be done at the Rule 56 stage, not the Rule 12 stage,
16    and the list goes on.
17             MR. TAMKIN:  Correct.  And we certainly think that
18    if there's an issue with whether or not we have proven that
19    there is a conduit or something like that, that's for a
20    different day.
21             But if you look at the allegations in the Windy
22    City case or some of the other cases we cited, those
23    allegations are very broad.  They do the best that the
24    plaintiff can.  Here I think we've done a lot more than
25    that.

1              But I also think to the extent that counsel
2    indicates that the Windy City case is about software, this
3    is about software too.  Certainly it's a box, certainly
4    there are things in the box, there's chambers, but there's
5    also a waveform and driving that waveform and there is some
6    software involved.
7              But in any event, the Windy City case requires
8    that you describe the product, you identify the product.
9    The DuraPulse is described -- or the DuraPulse heart valve
10   test product is described and there's details about exactly
11   how it infringes.
12             Because we use language that is similar to the
13   language in the patent, that doesn't mean it is a legal
14   conclusion.  I think -- it would be interesting because
15   imagine, Your Honor, if instead of using language that is in
16   the patent we tried to describe it in ways that wasn't the
17   language in the patent.  Then I presume I would be here
18   trying to defend against the fact that I haven't really
19   connected up the patents-at-issue with my description of the
20   product.  So one way or the other I'm stuck.
21             So I think the standard of the Windy City case is
22   met, but I also want to refer to one other thing in the
23   Windy City case that is also raised in I think it's the
24   Telebrands case that's cited in the brief, which is a
25   District of New Jersey case that's noting that Windy City

1    and InCom are cases important to follow.  That's a District
2    of New Jersey case.  It's a Lexis cite, but 2016 Lexis
3    114436 at 14 and 15.
4             In that case it notes that there is this interplay
5    between the local rules that Your Honor addressed early on
6    versus the complaint.  And the local rules don't in any way,
7    shape, or form change the pleading requirements, I agree,
8    but the local rules inform, in all these districts all over
9    the country now, inform us on how those pleading
10   requirements are interpreted.
11            And what the Telebrands case specifically said is,
12   just like Judge Rogers in the Windy City case indicated,
13   that the appropriate time for the detailed allegations and
14   the citations and the heightened standard is in the local
15   rules, it's not here, and we're informed by the local rules
16   that require a much more detailed set of allegations once
17   you do your infringement contentions.
18            THE COURT:  Claim charts, for example.
19            MR. TAMKIN:  Claim charts, exactly.  This,
20   frankly, is pretty close to a claim chart, but I would say
21   it's not exactly a claim chart by any stretch.  It doesn't
22   have pictures or things like that.
23            But certainly there's a time for claim charts and
24   the time for claim charts is not here.  Here what we have
25   done is we have set forth the details and described the

1       product itself.
2               Absolutely we've used the language of the patent,
3       but there's nothing wrong with using the language of the
4       patent.  Using the language of the patent doesn't mean it's
5       a legal conclusion.  Patents use descriptive language and
6       state facts.  If it says it has to have a chamber, what
7       would I say other than it has a chamber?  It doesn't make it
8       a legal conclusion just because the language is in the
9       patent.
10              But getting back to my point on the claim charts,
11      this is not a time for claim charts.  This is not a
12      question of the sufficiency of the defendant's claim chart
13      at all.
14              And so the only other question is the one I think
15      Your Honor raised that we've addressed, which is is there a
16      product that is known here, is there disclosure, is there
17      notice in this complaint.
18              THE COURT:  Well, not to interrupt you, but then
19      of course a phrase, and it was addressed today by opposing
20      counsel, but a phrase that is said a number of different
21      ways saying, well, plaintiff must have set forth -- alleged
22      that the accused product embodies every limitation in at
23      least one particular claim and they're saying that was not
24      done here.
25              MR. TAMKIN:  Well, first of all, that's not the

1    law.  That is -- of course we all agree that the law is in
2    order to infringe a claim, you have to satisfy all the
3    elements, but the law is not that you have to describe every
4    single claim.
5            But every element of a claim of each of these
6    patents was clearly set forth in the document.  So, for
7    example, you can take claim 1 of the '538 Patent.  Easy also
8    to take claim 9 -- excuse me, the claim cited of the '935
9    Patent.  But you can go look and compare, Your Honor.  There
10   are elements of every single one of those claims set forth.
11           Now, certainly there was some argument about some
12   things are done cyclically, some things are not done
13   cyclically when you do certain -- I think counsel even
14   argued that there was something that was a pure sinusoidal
15   waveform or something like that which would be cyclical, an
16   asymmetric wave would potentially -- or is acyclical.  You
17   don't have to repeat things that you have already said.  If
18   you've described an asymmetric waveform, is that going to be
19   acyclical?  Yes.  If you've described something as cyclical,
20   it's going to be something different.
21           These products are capable of doing multiple
22   different things, certainly, and being set different ways
23   and we've described that and we've shown the pictures and
24   we've identified the pictures of those various different
25   documents.  But certainly one of the elements of all of the

1    claims are -- all of the elements of one of the claims of
2    each of the patents is particularly described.
3               And, again, Your Honor, if we use all the words of
4    the patent -- we're criticized in this case for not using
5    all of the words in the patent, but at the same time we're
6    criticized if we do use the words of the patent.  So you
7    can't win.
8               But if you look at the InCom case, the InCom case
9    is pretty telling on that point too.  In that case the court
10   said they generally describe the functionality.  You don't
11   have to describe every element.  You have to describe the
12   functionality of the product and how that product operates,
13   and that's absolutely what we did.
14              So if you follow the InCom case -- in the InCom
15   case there was a novel patent.  This case is a novel patent.
16   There's some various different features and you have all
17   those features.  We've described those.  That functionality
18   of the product and how it infringes the patent is described
19   and that's really what has to be met there.
20              We were told that we have an hour and --
21              THE COURT:  We're fine.
22              MR. TAMKIN:  Oh, okay.
23              THE COURT:  Obviously I'm not going to turn off
24   the lights.  Take the time you need.
25              MR. TAMKIN:  I do hate to be the one that is