UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Biomedical Device Consultants &, Laboratories of Colorado, LLC, | Civil Case No.:  17cv3403 (DWF/SER) |
| Plaintiff, | |
| v. | **NOTICE OF SETTLEMENT CONFERENCE** |
| TA Instruments – Waters LLC, | |
| Defendant. | |

---

  A settlement conference will be held on **February 13, 2018 at 9:00 a.m.** in Courtroom 3A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the undersigned United States Magistrate Judge.

  *Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present*.  If individuals are parties to this case, they shall be present.  If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. *In all cases, the duly authorized officer or managing agent with settlement discretion cannot be in-house counsel directing the litigation. In addition, in employment law cases the decision maker involved in any alleged adverse employment action against Plaintiff cannot be the individual with settlement discretion.* This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference.  *If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.*  Any failure to comply with the spirit of this directive will constitute a violation of Fed. R. Civ. P. 16(f) which provides in part:

> **(2)** *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

  If an insurance company is involved, the responsible agent must be present.  Appearances by telephone are not permitted except in extraordinary circumstances, which must be brought to the attention of the Court and all parties no later than one week prior to the settlement conference by first contacting the Court by telephone to receive permission to electronically file a letter setting forth a full explanation of the circumstances.  Any responses to such a letter shall be electronically filed no later than one business day following the filing of the letter request.

  *Counsel must confer in person at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement.*  If the case does not settle

based on this conference, each attorney shall submit to the undersigned **at least 7 days before the date of the settlement conference,** a confidential letter (not to exceed ten (10) single spaced pages - no exhibits shall be submitted) setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position.  Executive summaries of what a party would argue at a dispositive motion are discouraged and are not helpful to the Court. In each of the parties' confidential settlement letter, the parties are also directed to address the following:

1. What the party hopes to accomplish at the settlement conference;
2. What needs (monetary and other) of that party should be considered;
3. What needs of the opposing party should be considered;
4. What are the obstacles to negotiate resolution of the case;
5. What are the consequences of a failure to resolve the matter; and
6. What is the estimated budget to litigate the case to trial, and relatedly, what legal costs and fees have been incurred to date.

This letter shall be submitted to the undersigned by e-mail to the following address: rau_chambers@mnd.uscourts.gov.

The Court will request exhibits if the summary of settlement status does not suffice.  The Court may also telephonically confer with the parties' counsel either collectively or ex parte, as the court deems advisable, prior to the settlement conference.

Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed.  Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

Settlement Conferences are frequently scheduled at least thirty days in advance and are generally scheduled for at least a whole day.  Accordingly, unless the parties reach settlement prior to the scheduled Settlement Conference, requests for continuances are discouraged and are not likely to be granted unless extraordinary good cause exists.

Dated: January 8, 2018                                         s/ *Steven E. Rau*
                                                               Steven E. Rau
                                                               U.S. Magistrate Judge

## ADDENDUM

In all ERISA long term disability cases the parties are ordered to reach agreement prior to the settlement conference on the following issues, if possible:

1. The exact amount of monthly benefits;

2. The amount of past due monthly benefits;

3. The tax treatment of the monthly benefits.

4. Whether Social Security benefits operate as a set-off to monthly benefits that are due allegedly; and

5. What discount rate applies to any future monthly benefits in order to reduce that alleged amount to a present value.