UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Biomedical Device Consultants & Laboratories of Colorado, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TA Instruments - Waters LLC, <br><br> Defendant. | Civil File No. 17-cv-03403 DWF/SER <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FURTHER CONSIDERATION OF SEALING** |

## INTRODUCTION

Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC ("BDC") brings this motion for further consideration of sealing pursuant to Local Rule 5.6(d)(3) and respectfully requests that the Court prevent disclosure of BDC's confidential commercial information in its memorandum of law in support of its motion for preliminary injunction (ECF No. 36) and in an accompanying declaration (ECF No. 39). The specific information BDC seeks to protect is the number of units it sells per year, which it had to include to make its irreparable harm argument at the preliminary injunction stage. The number of units sold is trade secret market information, as recognized in other cases. Disclosure of this of information would cause BDC competitive harm by giving BDC's competitors non-public information that they could use to their advantage in devising marketing strategies and allocating marketing resources.

Initially, in filing its documents, BDC made minimal redactions—only of specific numbers—in recognition of the public's right of access to judicial records and interest in knowing the arguments made.  *See* ECF No. 37.  Thereafter, in seeking Defendant TA – Instruments Waters LLC's ("TA") concurrence in the joint motion required by Local Rule 5.6(d)(2), TA asked for additional redactions to be made.  *See* ECF No. 60 at 2.  Evidently finding the public-versions documents to be over-redacted, the Court then denied the joint motion.  ECF No. 67.  However, the memorandum and declaration do contain information that is confidential and commercially sensitive—specifically, the number of units sold.  Therefore, to prevent the baby from being thrown out with the bathwater, BDC now brings this motion for further consideration asking that ECF Nos. 36 and 39 be maintained under seal.  BDC further submits herewith redacted versions for public view that have minimal redactions.

## ARGUMENT

"Generally speaking, there is a common-law right of access [of the public] to judicial records, but that right is not absolute."  *Flynt v. Lombardi*, 2018 U.S. App. LEXIS 6171, at *5 (8th Cir. March 13, 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)).  "The right of access bolster public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings."  *IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1223 (8th Cir. 2013).  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so."  *Flynt*, 2018 U.S. App. LEXIS 6171, at *5.  Whether the presumption is overcome is determined

based on balancing the public's interest in access to judicial records against the interests served by maintaining confidentiality. *Id.*

"One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). The inclusion in a judicial record of a company's trade secrets such as internal strategies, marketing research, sales data, and product development plans provide compelling reasons to seal. *In re ConAgra Foods, Inc.*, 2014 U.S. Dist. LEXIS 197175, at *51 (C.D. Cal. July 11, 2014). *See also Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, 2006 U.S. Dist. LEXIS 78254, at *13- (D. Minn. Oct. 24, 2006) (ruling that market research was properly sealed).

Here, BDC requests that its memorandum and supporting declaration be maintained under seal because they contain trade secrets in the form of sales data, which could be used by competitors unfairly as market research. Specifically, the memorandum and declaration contain the number of units sold by BDC annually. This information has economic value. As noted in the preliminary injunction papers (and conceded by TA), BDC has a large share of the market for prosthetic heart valve testing devices. Accordingly, knowing the number of units sold by BDC would permit a competitor of BDC's to determine the size of the market for prosthetic heart valve testing devices. Knowing the exact size of the market is valuable because permits a competitor to better tailor its marketing strategies, including its resource allocation. In other words, by knowing the size of the market, a competitor can better determine how to allocate it resources to market to a competing device.

It is for this exact reason that companies often invest substantial sums in marketing research and intelligence. The number of units sold by BDC (or its competitors) is not public and is not readily ascertainable. Therefore, in order for a competitor of BDC's to otherwise learn how many units were sold by BDC annually would require a substantial investment of resources in market surveys. Unsealing BDC's memorandum and declaration will permit its competitors to compete unfairly by gaining this competitive knowledge without bearing any of the costs to gain that knowledge. Significantly, for BDC to gain the same information about its competitors, it would be required to conduct market research. BDC should not be penalized in the marketplace merely because it sought to enforce its patent rights by bringing a motion for preliminary injunction. Therefore, BDC's interest in maintaining the confidentiality weighs heavily in favor of maintaining the documents under seal.

In contrast, the public's interest in the un-redacted version of the documents is non-existent. As shown in the proposed redacted versions submitted herewith, BDC propose to make minimal redactions necessary only to safeguard the exact number of units sold. The public has no interest in this number. Rather, the public's interest is in evaluating the reasonableness and fairness of judicial proceedings. This interest can be satisfied by reviewing the arguments in the briefs without knowing the specific number of units sold (particularly given the fact that there may not even be a ruling on the motion depending on the outcome of the parties' settlement discussions). Therefore, BDC's interest in confidentiality outweighs the public's interest in access.

## CONCLUSION

For the foregoing reasons, BDC respectfully requests that ECF Nos. 36 and 39 remain under seal. Minimally redacted versions of these documents for public view are submitted herewith.

Dated: April 9, 2018                           DORSEY & WHITNEY LLP


By <u>/s/ Forrest Tahdooahnippah</u>
    Theresa M. Bevilacqua (#031500X)
    bevilacqua.theresa@dorsey.com
    Shannon L. Bjorklund (#0389932)
    bjorklund.shannon@dorsey.com
    Forrest Tahdooahnippah (#0391459)
    forrest@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 492-6636
Facsimile: (612) 677-3086

Gregory S. Tamkin
(admitted *Pro Hac Vice*)
tamkin.greg@dorsey.com
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202
Telephone: (303) 629-3400

*Attorneys for Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC*

5