# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Biomedical Device Consultants & Laboratories of Colorado, LLC, | Case No. 17-cv-3403 (DWF/SER) |
| Plaintiff, | **ORDER** |
| v. | |
| TA Instruments – Waters LLC, | |
| Defendant. | |

STEVEN E. RAU, United States Magistrate Judge

This above-captioned case comes before the undersigned on Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC's ("BDC") Motion for Further Consideration of Sealing [Doc. No. 68]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court grants the motion.

## I. BACKGROUND

On November 22, 2017, BDC filed a Motion for Preliminary Injunction [Doc. No. 34]. In connection with that motion, it filed its memorandum and declaration [Doc. No. 36, 39] under seal to protect its trade secret information. (Pl.'s Mem. of Law in Supp. of Mot. for Further Consideration of Sealing, "Mem. in Supp.") [Doc. No. 71 at 1]. The parties reached an agreement in principle to resolve the case, and BDC withdrew its Motion for Preliminary Injunction. (Letter Dated Feb. 22, 2018) [Doc. No. 65]. The Court denied the parties' Joint Motion for Continued Sealing and BDC filed the instant motion, which Defendant TA Instruments – Waters LLC ("TA Instruments") does not oppose. *See* (Text Only Order Dated

Mar. 12, 2018) [Doc. No. 67]; (L.R. 7.1(A)(1) Meet-and-Confer Statement Regarding Pl.'s Mot. for Further Consideration of Sealing) [Doc. No. 69].

BDC voluntarily dismissed this case on May 14, 2018, after the parties signed a settlement agreement during the course of a settlement conference with the undersigned. (Minute Entry Dated May 4, 2018) [Doc. No. 76]; (Notice of Voluntary Dismissal) [Doc. No. 77].

## II.   DISCUSSION

### A.   Legal Standard

"There is a common law right of access to judicial records, which includes the public's right to access documents that are submitted to the Court and that form the basis for judicial decisions." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016) (Wright, J.) (internal quotation marks omitted). This right presumptively attaches "absent 'compelling reasons [to] justify non-disclosure.'" *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012) (Keyes, Mag. J.) (alternation in original) (quoting *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "This right of access is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Specifically, this Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). "In order to overcome the presumptive right to public records, the party seeking to seal information because it is allegedly trade secret or proprietary commercial information must show compelling reasons to keep the information secret—i.e., that it is likely that public disclosure of the information will harm the party." *Healey*, 282 F.R.D. at 215.

B.     Analysis

Because BDC withdrew its Motion for Preliminary Injunction, the documents filed under seal were not considered by the Court in a ruling on the merits of this case. Further, because the parties settled, there is little information in the docket, much less in these documents, that would "allow[] citizens to evaluate the reasonableness and fairness of judicial proceedings." *See IDT Corp.*, 709 F.3d at 1223. Thus, the Court concludes that protection of BDC's alleged trade secret information outweighs the public's right to access records in this case that settled through the parties' efforts.

## III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Biomedical Device Consultants & Laboratories of Colorado, LLC's Motion for Further Consideration of Sealing [Doc. No. 68] is **GRANTED** and Document Numbers 36 and 39 are permanently sealed.

Dated: May 22, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge